**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERT ESPINOZA,

              Plaintiff-Appellant,

  v.

UNION OF AMERICAN PHYSICIANS
AND DENTISTS, AFSCME LOCAL 206; et
al.,

              Defendants-Appellees.

No.   22-55331

D.C. No.
8:21-cv-01898-DOC-KES

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted October 19, 2023[**]
San Francisco, California

Before: W. FLETCHER, NGUYEN, and R. NELSON, Circuit Judges.

Robert Espinoza appeals from the district court's dismissal of his 42 U.S.C.

§ 1983 action alleging that the unauthorized deduction of union dues from his pay

violated his First and Fourteenth Amendment rights under *Janus v. American*

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Federation of State, County, & Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018).  We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo. *Wright v. Serv. Emp. Int'l Union Loc. 503*, 48 F.4th 1112, 1118 n.3 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 749 (2023).  We may affirm on any ground supported by the record.  *Ochoa v. Pub. Consulting Grp., Inc.*, 48 F.4th 1102, 1106 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 783 (2023). We affirm.

1.　　The district court properly dismissed the § 1983 claims Espinoza alleged against his former union, the Union of American Physicians and Dentists, AFSCME Local 206 ("UAPD").  UAPD did not act under color of state law when it allegedly failed to process Espinoza's request to cancel the deduction of dues from his wages.

Actions by a private actor may be subject to § 1983 liability if the plaintiff can show that the conduct was "fairly attributable to the State."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  To establish fair attribution, two prongs must be met: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by it or by a person for whom it is responsible," and (2) "the party charged with the deprivation must be a person who may fairly be said to be a state actor."  *Id*.  Neither prong is met here.

First, Espinoza argues that UAPD "uses the authority of the state" through

California Government Code § 1153. That provision requires employees who wish to cancel wage deductions for union dues to direct requests to the union, which is responsible for processing such requests. Cal. Gov't Code § 1153(h) ("Employee requests to cancel or change deductions . . . shall be directed to the employee organization rather than to the [State]. The employee organization shall be responsible for processing these requests."). Espinoza concedes that he originally authorized UAPD to request such deductions, and his claims are premised on the allegation that UAPD continued to request such deductions after he validly withdrew authorization. This amounts to an allegation of "private misuse of a state statute," which "does not describe conduct that can be attributed to the State." *Lugar*, 457 U.S. at 941. By alleging that UAPD continued to request that dues be deducted from his pay even after he had revoked his dues deduction authorization, Espinoza necessarily alleged that UAPD "'act[ed] contrary to the relevant policy articulated by the State.'" *Collins v. Womancare*, 878 F.2d 1145, 1153 (9th Cir. 1989) (quoting *Lugar*, 457 U.S. at 940).

Second, Espinoza argues that UAPD is a "state actor" under the "joint action" or "governmental nexus" tests. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012). In *Belgau v. Inslee*, we held that the mere fact that a state transmits dues payments to a union does not give rise to a section 1983 claim against the union under the "joint action" test. 975 F.3d 940, 947–49 (9th Cir.

2020), *cert. denied*, 141 S. Ct. 2795 (2021). Nor would a state employer's "ministerial processing of payroll deductions pursuant to [e]mployees' authorizations" create sufficient nexus between a state and a union to subject the union to section 1983 liability. *Id.* at 947–48 & n.2; *see also Wright*, 48 F.4th at 1122 & n.6. Espinoza argues such a nexus exists because a memorandum of understanding ("MOU") between UAPD and his state agency employer California Correctional Healthcare Services ("CCHCS") created a "contractual partnership" that enabled the continued unlawful deductions. But this MOU merely "provid[es] a 'machinery' for implementing the private agreement by performing an administrative task," which is insufficient to establish state action. *Belgau*, 975 F.3d at 948 (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 54 (1999)).

2.      The district court properly dismissed Espinoza's nominal damages claim against CCHCS, the State Controller, and Attorney General because it is barred by Eleventh Amendment sovereign immunity. We have recognized "that, 'absent waiver by the State or valid congressional override,' state sovereign immunity protects state officer defendants sued in federal court in their official capacities from liability in damages, including nominal damages." *Platt v. Moore*, 15 F.4th 895, 910 (9th Cir. 2021) (quoting *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)). Espinoza has not shown waiver by the State or valid congressional override.

3.      The district court properly dismissed Espinoza's claims for declaratory and injunctive relief as moot. Where circumstances change after commencement of a suit such that the wrongful behavior is no longer likely to recur against the plaintiff (for example, because the plaintiff left his job with the defendant), "his claims for prospective relief [become] moot because he [can] no longer benefit from such relief." *Slayman v. FedEx Ground Package Sys., Inc.*, 765 F.3d 1033, 1048 (9th Cir. 2014). The dues deductions have ceased, and Espinoza admits that he is no longer a member of UAPD and that he is unlikely to rejoin. The voluntary cessation exception therefore does not apply because the "allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000).

**AFFIRMED.**